DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant Jan Lynch ("Ms. Lynch") appeals from the trial court's Order of Confirmation and Distribution ("Confirmation Order") rendered after granting summary judgment to Appellee Citifinancial, Inc. ("Citifinancial") in a foreclosure action. We affirm.
 {¶ 2} On August 23, 2004, Citifinancial filed a complaint for foreclosure against Ms. Lynch, Ms. Lynch's children (Edward Haller IV, Amanda Haller and Mara Schwenk), the Lorain County Treasurer, FirstMerit Corporation, and Sears, Roebuck related to mortgages recorded as Instrument Nos 20000066648 and 200000694405 on property located at 33895 Lorain Road, North Ridgeville, Ohio (the "Complaint"). Ms. Lynch answered the Complaint and filed a counterclaim on October 8, 2004. The trial court subsequently dismissed Ms. Lynch's counterclaims and granted leave to Citifinancial to amend their original complaint to be an action in rem. The Amended Complaint was served on each of the defendants listed above. On May 18, 2005, Citifinancial filed for summary judgment, which the trial court granted on June 30, 2005. Ms. Lynch appealed the trial court's grant of summary judgment on July 11, 2005 ("Appeal 1"), which this Court dismissed on October 11, 2005, finding that the trial court's entry was not a final appealable order until a judgment of foreclosure was entered by the trial court.
 {¶ 3} On October 26, 2005, the trial court issued its judgment of foreclosure ("Foreclosure Judgment"). On January 9, 2006, Ms. Lynch appealed the Foreclosure Judgment ("Appeal 2"), which this Court dismissed on March 6, 2006, as being untimely filed. On March 2, 2006, the trial court issued the Confirmation Order, which Ms. Lynch appealed on March 10, 2006 ("Appeal 3"). On April 7, 2006, this Court struck Ms. Lynch's brief related to Appeal 3 as it did not comply with local appellate rules. This Court's April 7, 2006 Judgment Entry allowed Ms. Lynch until April 17, 2006, to resubmit her brief. On April 17, 2006, Ms. Lynch resubmitted her brief. On May 24, 2006, Citifinancial moved to dismiss Appeal 3 as being an untimely second appeal of the Foreclosure Judgment rather than being an appeal of the Confirmation Order. This Court denied Citifinancial's Motion to Dismiss on June 1, 2006. Ms. Lynch raises twenty-seven assignments of error for review.[1]
 Assignment of Error I "Parcel ending in numbers -084 never had a loanwith Citifinancial either mortgage loan or any other as can be seen in the Court documents. It is simply a legal description as the Court can see by looking at the record. No Sheriff Sale or Judgment can be rendered for a legal description. The 8.03 acres of land in Sheriff sale is not a mortgage or loan of any kind."
 Assignment of Error II "There 3 properties which have 3 parcel numbers which the Citifinancial is trying to lift but Citifinancial only lists 1 parcel number of a property they never mortgaged and which the Court has ordered a Sheriff Sale illegally."
 Assignment of Error III "Court found dor Citifinancial solely on the basis that the claim was unanswered but the defendant Ed Haller, Amanda Haller and Mara Schwenk were never served with the Amended Complaint or any other and Jan Lynch was not a party in the Amended Complaint until Citifinancial snuck ms. Lynch on illegally at Journal Entry time. Ed Haller, Amanda Haller and Mara Schwenk never owned 33895 Lorain Rd. and did not own the 8.03 acres of land at the time of the filing of the Amended Complaint. Jan Lynch could not answer until the Journal when she was illegally snuck onto the complaint."
 Assignment of Error IV "The Trial Court erred also in not rendering judgment on the Defendant's oppositions to Plaintiff's Journal Entry, Praecipe For Sheriff Sale and Amended Praecipe for Sheriff Sale."
 Assignment of ErrorV "Amended Praecipe and Journal Entry asked for the sale of 3 properties and listed only 1 parcel number and they are entitled to NONE of the properties. Citifinancial had a 4th place loan on 33895 Lorain Rd. only which they tried to foreclose on in 2001 and were dismissed and they never appealed the decision. The debt was then totally discharged in Chapter 7 bankruptct in December 2003 and they never appealed the decision. In Chapter 13 Bankruptcy of 2004 Citifinancial was unsecured and unclaimed which they never Appealed or opposed. Citifinancial loan on 33895 cannot be taken by Sheriff Sale or Judgment defying the previous Court Orders. The Land parcel ending in -084was never mortgaged by Citifinancial and has no loan at all on it."
 Assignment of Error VII "Trial Court erred in overriding decisions of prior Courts regarding this loan to Citifinancial. All these cases are a part of Trial record. Decision of dismissal of foreclosure of 33895 Lorain Road of 2001, Total Discharge of Plaintiff in Bankruptcy Chapter 7 and Chapter 13 Bankruptcy which found Appellee unsecured and unclaimed all of decisions which Appellee did not appeal or oppose."
 Assignment of Error VIII "Trial Court erred in letting Appellee put Jan Lynch on Complaint only at time of Journal Entry when she was not a party to the Amended Complaint thus making it impossible for Jan Lynch to answer the Complaint as amended."
 Assignment of Error IX "Ed Haller, Amanda Haller and Mara Schwenk were the Defendants in the Amended Complaint and they never owned 33895 Lorain Rd. and did not own the 8.03 acres of land at the time of the Amended Complaint. The land parcel did not have a loan on it."
 Assignment of Error X "Trial Court erred in finding for Plaintiff as Ed Haller, Amanda Haller and Mara Schwenk were never served."
 Assignment of Error XI "The 8.03 acres ending in parcel # -084 did not have a lien or loan to it."
 Assignment of Error XII "The Claim, Journal Entry, Praecipe For Sheriff Sale and Amended Praecipe For Sheriff Sale which prompted the Sheriff sale are totally illegal listing 3 properties with 3 parcel and different numbers as one Parcel so as to deceive the Court into believing that all 3 properties were 1 .This is an illegal scam."
 Assignment of Error XIII "The home at 33895 LOrain Rd. had 3 prior lenders plus a debt to the City of N. Ridgeville for rehab work and Citifinancial was a 4th place illegal loan that was dismissed in the Foreclosure attempt of 2001, totally discharged in the Chapter 7 bankruptcy of 2003 and was unsecured and unclaimed in the Chapter 13 Bankruptcy of 2004 and Citifinancial Appealed none of these decisions. Citifinancial had no loan on the 8.03 acres of land and they have no proof that they did."
 Assignment of Error XIV "PARCEL NO 07-00-011-103-084 is 8.03 acres of land only and there is no mortgage to Citifinancial on it and there never was. Citifinancial Mortgaged the home 33895 Lorain Rd. only which has a different Parcel number as well as a 3rd parcel. Praecipe for Sheriff Sale illegally listed 3 properties as one."
 Assignment of Error XV "Amended Praecipe for Sale Also lists 3 properties as one and plaintiff only mortgaged one of them. The debt was totally discharged."
 Assignment of Error XVI "Jan Lynch is indigent and therefore is obviously representing herself. Lynch just received the Sheriff Sale Notice on 1-6-06 which she is surprised she received because the Trial Court had not ruled on any of her oppositions to the Journal Entry, the Praecipe for Sheriff Sale and the Amended Praecipe for Sheriff Sale.Jan Lynch could oppose nothing before Journal Entry as she was not listed on Complaint Amended until Journal Entry which is another illegality."
 Assignment of Error XVII "The Trial Court erred in permitting Citifinancial to put Jan Lynch as a party on the Journal Entry after the Court had made their ruling when she was not a party to the Complaint until it was too late to file an Answer then not ruling on any of her oppositions."
 Assignment of Error XVIII "The Trial Court erred as it found for the Plaintiff solely on the basis that the Complaint was not answered or opposed when the Defendants were not served with the Amended Complaint or Request or Motion for Summary Judgment."
 Assignment of Error IXX "First Merit and Sears were totally discharged in the Chapter 7 Bankruptcy of Dec., 2003 and never had a loan or lien on Parcel ending in -084. Also TAXES ARE PAID."
 Assignment of Error XX "Citifinancial's debt on 33895 Lorain Rd is totally discharged in Chapter 7 Bankruptcy is not collectable by lien, judgment or Sheriff sale thereafter."
 Assignment of Error XXI "Citifinancial has no genuine issue of material fact for judgment. Judgment cannot be rendered after the prior Court decisions which were not appealed. The dismissal of Foreclosure of 2001, the Total Discharge of 12-1-03 and the Chapter 13 Bankruptcy of 2004."
 Assignment of Error XXII "Trial Court erred in finding for the Plaintiff as this is a total case of insufficiency of service."
 Assignment of Error XXIII "There were no Defendants in this case as Ed Haller, Amanda Haller and Mara Schwenk never owned 33895 Lorain Rd. and First Merit and Sears were totally Discharged in the Chapter 7 Bankruptcy of 12-1-03.Jan Lynch was never a party until after a ruling was made so no Defendants means no case and no one could answer the claim."
 Assignment of Error XXIV "Trial Court erred in dismissing Counterclaim.
 Assignment of Error XXV "The Trial Court erred in finding for, Citifinancial simply because the claim was unanswered because there were no Defendant until the Journal Entry when Jan Lynch was illegally snuck back on as a Party at which time it was too late to Answer as a decision was already rendered in Citifinancial' favor. The way to win a Lawsuit 1. Name Defendants that do no own property. 2. Do not serve Defendants who do not own property. 3.List properties you do not own or have a loan to. 4. Do no list Defendants who do own property. 5. Doop the Court by listing 3 parcels with one parcel number."
 Assignment of Error XXVI "There is no date or statement of final appealable order on the Journal Entry but the Sheriff Sale Notice realistically seems final even though it does not say so as it will put me, a disabled person and my daughter, who is other health impaired on the street. That seems pretty final and appealable."
 Assignment of Error XXVII "The fact that Citifinancial did put Jan Lynch as a Defendant on Amended Complaint with the Journal Entry on and that the fact that she is the only legal Defendant makes her allowed to oppose and appeal and request reconsideration, even though the timing was illegal as well as the method."
 {¶ 4} Ms. Lynch asserts a number of errors made by the trial court that are reflected in the Foreclosure Judgment, and related documents such as the Praecipe for Sheriff Sale and Amended Praecipe for Sheriff Sale in her assignments of error one through twenty-seven. Because our analysis of each of these assignments (except assignment of error six) is identical, we will discuss them together in this section.
 {¶ 5} This appeal was brought to appeal the Confirmation Order, not the Foreclosure Judgment. While Ms. Lynch can rightly appeal issues related solely to the Confirmation Order, each of the errors assigned relates to law and procedure culminating in the Foreclosure Judgment and/or in the terms of the Foreclosure Judgment. See, Full Circle RealtyCo., Inc. v. Donofrio (Jul. 23, 1997), 9th Dist. No. 18152. Ms. Lynch should have, and did, appeal the Foreclosure Judgment. Unfortunately, she failed to do so timely and her appeal was dismissed. She cannot now have another bite at the apple by appealing the same issues under the guise of an appeal of a later issued judgment entry, i.e., the Confirmation Order.
 {¶ 6} In a similar case, we held that arguments related to the mortgage "relate to the order of foreclosure and not to the order confirming the sheriffs sale." Federal Home Loan Mortg. Corp. v.McDaniel (Aug. 2, 1995), 9th Dist. No. 17142. In Federal Home, we found that "[b]ecause [appellant] did not timely appeal the foreclosure order, any issues concerning the mortgage have been waived and those issues may not be raised in an appeal from an order confirming the sheriffs sale." Id. at 2. Only issues related to the trial court's decision to confirm a sheriffs sale may be brought in an appeal from a confirmation order. Id.
 {¶ 7} Each of Ms. Lynch's assignments of error: (1) relate to the mortgage; (2) relate to enforcement of the mortgage; (3) relate to procedural and substantive decisions that the trial court renderedprior to issuing the Foreclosure Judgment; or (4) are not assignments of error at all. A brief description of each assignment of error follows:
 I. Erroneous legal description attached to the mortgage.
 II. Erroneous parcel numbers subject to mortgage
 III. Erroneous service of amended complaint to foreclose on the mortgage.
 IV. Erroneous issuance of Foreclosure Judgment without rendering separate written opinion related to Ms. Lynch's oppositions to same.
 V. Erroneous Foreclosure Judgment because Citifinancial not a proper lienholder
 VI. Erroneous Foreclosure Judgment because mortgage discharged by prior bankruptcy.
 VII. Erroneous naming of Ms. Lynch in the Foreclosure Judgment where she was not a party to the amended complaint in rem.
 VIII. Erroneous naming of defendants in amended complaint that were never owners of the property subject to the mortgage.
 IX. See assignment of error III.
 X. See assignment of error II.
 XII. Erroneous legal description attached to the Foreclosure Judgment.
 XIII. Erroneous naming of other defendants in original complaint as parties with an interest in the property when debt was discharged by previous bankruptcy.
 XIV. See assignment of error XII.
 XV. See assignment of error XIV and VII.
 XVI. See assignment of error IV.
 XVII. See assignment of error VIII.
 XVIII. Erroneous granting of summary judgment where Ms. Lynch not served.
 XIX. See assignment of error XIII.
 XX. See assignment of error VII.
 XXI. See assignment of error VII.
 XXII. See assignment of error III.
 XXIII. See assignments of error VIII, IX, VII.
 XXIV. Erroneous dismissal of counterclaim.
 XXV. See assignment of error VIII.
 XXVI. Confirmation Order is a final appealable order.
 XXVII. Ms. Lynch is a proper appellant.
 {¶ 8} Accordingly, because each of the above assignments of error could have and should have been brought on an appeal of the Foreclosure Judgment, which appeal was denied as untimely, Ms. Lynch's assignments of error I, II, III, IV, V, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XIV, XV, XVI and XVII are overruled.
 Assignment of Error VI "There is a Purchase Agreement for $240,000.00 in current Civil Case No. 05CV143344 so no less can be accepted for property if it were to be sold by order."
 {¶ 9} Ms. Lynch asserts that the trial court's confirmation of the $155,000 purchase price for the property at Sheriff's sale was improper inasmuch as a purchase agreement was pending to purchase the property for $240,000 in Lorain County Court of Common Pleas Case No. 05CV143344.
 {¶ 10} Ms. Lynch may appeal issues related solely to the Confirmation Order as she does with this assignment of error. We will not disturb a trial court's decision to confirm a sheriffs sale absent an abuse of discretion. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 552, 630 N.E.2d 19.
 {¶ 11} R.C. 2329.20 states that in an execution against property, "[n]o tract of land shall be sold for less than two thirds of the value returned in the inquest required by section 2329.17 of the Revised Code." The result of the inquest (or appraisal) was filed with the trial court on January 5, 2006, and renders a fair market value for the property of $90,000. The property was sold at Sheriff's Sale on February 8, 2006 to Mould Development, LLC for $155,000. In that the sale price is 72% greater than the appraised value and meets the statutory price requirement, the trial court did not abuse its discretion in confirming the sales price for the property.[2]
 {¶ 12} Ms. Lynch's sixth assignment of error is overruled as are all of the other assignments of error and the judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
MOORE, J. BOYLE, J. CONCUR.
[1] The assignments of error are set forth herein exactly as submitted by the Appellant without attention to any typographical or grammatical errors and without the use of [sic].
[2] Ms. Lynch makes reference to a Lorain County Court of Common Pleas Case No. 05CV143344, which is purportedly related to the property at issue in this appeal. However, she provides us with no law or argument to support her position that the trial court was precluded from confirming the price at Sheriff's Sale because of that case.