[Cite as *PHH Mtge. Corp. v. Albus*, 2011-Ohio-3370.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION fka CENTURY 21 MORTGAGE | ) ) ) | CASE NO. 09 MO 9 |
| PLAINTIFF-APPELLEE | ) ) | |
| VS. | ) ) | OPINION |
| MARIA S. ALBUS, et al. | ) ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common
                             Pleas of Monroe County, Ohio
                             Case No. 2008-234

JUDGMENT:                    Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:       Atty. Amy Carr
                             Shapiro, Van Ess, Phillips & Barragate
                             4805 Montgomery Road, Suite 320
                             Cincinnati, Ohio  45212

                             Atty. James L. Peters
                             Monroe County Prosecutor
                             101 North Main Street, Room 15
                             P.O. Box 430
                             Woodsfield, Ohio  43793-0430

For Defendant-Appellant:      Atty. Robin A. Bozian
                             Southeastern Ohio Legal Services
                             427 Second Street
                             Marietta, Ohio  45750

JUDGES:
Hon. Cheryl L. Waite

Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  June 30, 2011

WAITE, P.J.

**{1}**     Appellant, Maria S. Albus, appeals the entry of summary judgment against her and in favor of Appellee, PHH Mortgage Corporation, formerly Century 21 Mortgage, in this foreclosure action.  In her first assignment of error, Appellant contends that Appellee failed to attach an affidavit in support of the motion for summary judgment, and consequently, the trial court erred in granting the unsupported motion.  Although Appellee filed an affidavit in support of the motion, it appears from the record that the affidavit, which was filed separately from the motion for summary judgment, was never served on Appellant.  Civ.R. 5 prohibits the trial court from considering the affidavit because it was not served.  Without the affidavit, there is no evidence to establish the amount due and owing on the promissory note.  Accordingly, Appellant's first assignment of error has merit and the decision to grant summary judgment is reversed.  Appellant asserts in her second assignment of error that the judgment entry does not award a sum certain, thus, compromising her right to redemption.  Because we must reverse the underlying summary judgment, Appellant's argument is premature and can be addressed by the trial court after the case is remanded.  Accordingly, the judgment of the trial court is reversed and remanded for further proceedings.

**{2}**     An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court as set forth

in Civ.R. 56(C). *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. When a court considers a motion for summary judgment, the facts must be taken in the light most favorable to the nonmoving party. Id.

{3} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis sic.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party carries its burden, the nonmoving party has the reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. Id. at 293, 662 N.E.2d 264. In other words, in the face of a properly supported motion for summary judgment, the nonmoving party must produce some evidence that suggests that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023.

**{4}** On June 22, 2004, Appellant borrowed the sum of $58,000 from Appellee in order to purchase her current residence. As security for the loan, Appellant executed a mortgage on the property in favor of Appellee. Appellant defaulted on the loan on November 1, 2006.

**{5}** Although Appellant attempted to negotiate a loan modification, the parties were unable to reach an agreement and Appellee filed its complaint on July 21, 2008 seeking judgment on the unpaid balance of a promissory note and foreclosure of the mortgage. Simultaneously with the filing of the answer, Appellee filed a motion for default judgment and for summary judgment.

**{6}** Appellee also filed the affidavit of Tracy Johnson, the loan supervisor assigned to Appellant's account. According to the affidavit, Appellant defaulted on the note and Appellee exercised the acceleration option contained in the note. (Johnson Aff., ¶4-5.) Johnson avers that an unpaid principal balance exists in the amount of $56,874.74, with interest to accrue at the rate of 8.308% per annum from November 1, 2006, "plus sums advanced by Plaintiff pursuant to the terms of the Mortgage Deed for real estate taxes, hazard insurance premiums and property protection* * *." (Johnson Aff., ¶5.) An illegible loan history statement is attached to the affidavit, as well as a customer activity statement and a loan activity statement. No certificate of service is included in the record with the document.

**{7}** During the pendency of the motions, the parties continued their efforts to negotiate a loan modification agreement. Appellant filed a response to the motion for summary judgment on January 30, 2009. A reply was filed on February 17, 2009.

On October 8, 2009, the trial court entered summary judgment in favor of Appellee. The judgment entry reads, in pertinent part:

**{8}** "Judgment on Plaintiff's Promissory Note in the amount of $56,874.74, plus interest at a rate of 8.308% from November 1, 2006 together with its advances made pursuant to the terms of the mortgage for sums, including but not necessarily limited to, real estate taxes, insurance premiums; and property inspections, preservation and protection." (10/8/08 J.E., pp. 3-4.)

ASSIGNMENT OF ERROR NO. 1

**{9}** "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLEE FAILED TO PRESENT EVIDENCE THAT THE AMOUNT CLAIMED DUE AND OWING WAS CORRECT."

**{10}** The evidence used to support summary judgment in favor of the bank in this case was an affidavit of Tracy Johnson filed November 6, 2008. The record reflects that the Johnson affidavit was filed with the trial court, but the record does not include a certificate of service for the affidavit. Civ.R. 5(D), captioned "Filing," reads, in its entirety:

**{11}** "All papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service, but depositions upon oral examination, interrogatories, requests for documents, requests for admission, and answers and responses thereto shall not be filed unless on order of the court or for use as evidence or for consideration of a motion in the proceeding. Papers filed with the court shall not be considered until proof of service is endorsed thereon or

separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Civ. R. 11."

**{12}** Ohio courts have strictly enforced Civ.R. 5(D). Where there is no proof of service either attached to a filing or separately filed with the trial court, the trial court may not consider the filing. Civ.R. 5(D); *Nosal v. Szabo,* 8th Dist. Nos. 83974, 83975, 2004-Ohio-4076, ¶21; *Manor Care Healthcare Corp. v. Cook* (Jan. 7, 1993), 8th Dist. No. 64003. In this case, since there is no proof of service for the Johnson affidavit, it cannot be used to support Appellee's motion for summary judgment. We also note that some of the supporting financial documents attached to the affidavit are illegible and do not, then, qualify as competent credible evidence supporting summary judgment.

**{13}** In *Vivo v. Markovsky* (May 2, 1996), 94 C.A. 152, we addressed the trial court's failure to consider a motion for continuance before proceeding to trial. The record indicated that the trial court was not aware that the motion for continuance had been filed, and also that no certificate of service was endorsed on the motion. We stated, "[e]ven had the court been aware of the motion, it was precluded from ruling on it until proof of service had been filed." Id. at *3.

**{14}** Here, Appellee failed to include a certificate of service or proof of service to accompany the affidavit in support of the motion for summary judgment. According to the strict mandates of Civ.R. 5(D), the trial court should not have considered the affidavit. Without the attestations in the affidavit, there was no evidence before the trial court to establish the amount due and owing on the note.

Therefore, the trial court erred when it entered summary judgment in favor of Appellee. For these reasons, Appellant's first assignment of error is sustained.

ASSIGNMENT OF ERROR NO. 2

{15} "THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN THE AMOUNT OF $56,874, WITH INTEREST AND OTHER CHARGES NOT SPECIFIED, WITHOUT EVIDENCE, NEGATING ALBUS' RIGHT TO REDEMPTION."

{16} Appellant contends that the judgment in this case is not based on any evidence of an actual accounting of the debt owed, and does not set forth a sum certain that would enable her to redeem her property pursuant to the redemption statute. The redemption statute, R.C. 2329.33, allows the debtor to redeem the mortgaged property at any time before the sale is confirmed by the court. Redemption consists of depositing with the clerk of courts the amount of the judgment along with all costs, including poundage and interest. See *Women's Fed. Sav. Bank v. Pappadakes* (1988), 38 Ohio St.3d 143, 146, 527 N.E.2d 792; R.C. 2329.22. Appellant contends that the final judgment in this case is ambiguous as to the amount actually owed because it does not define what she owed for "advances made pursuant to the terms of the mortgage for sums, including but not necessarily limited to, real estate taxes, insurance premiums; and property inspections, preservation and protection." (10/8/09 J.E., pp. 3-4.) Appellant submits that she could not exercise her right to redemption without knowing what amount she is actually required to deposit with the clerk of court to effectively assert the right.

**{17}** Appellee responds that this argument is premature because Appellant has not actually attempted to the redeem the property, nor has she deposited any amount of money with the clerk of court. Appellee also argues that the judgment entry does describe a sum certain in the amount of $56,874.74 plus interest at a rate of 8.308 percent from November 1, 2006. Appellee contends that Appellant could have submitted this amount to the clerk of court in order to redeem the property.

**{18}** Both parties are partially correct. The trial court's judgment entry does state the exact amount due as the personal judgment on the promissory note, and it is clear that the right of redemption has not yet been attempted since the foreclosure sale was stayed by the trial court. However, as Appellant correctly argues, the judgment entry is vague and confusing. At first glance, it appears to be intended as a final judgment on the promissory note, even though it includes some, but not all, of the elements of a final judgment in foreclosure. It does include a demand to marshal liens, appraise, and sell the property. The entry includes standard language declaring that the right of redemption is being foreclosed. But the judgment entry cannot serve as a final judgment in foreclosure because it also states that the final decree of foreclosure is "to be submitted" at some point in the future. (10/8/09 J.E., p. 4.) Further, the entry does not contain a number of elements that are necessary to a final order of foreclosure, including the description and amount of other liens, the priority of the liens, and how the funds should be distributed to the various claimants. *Second Natl. Bank of Warren v. Walling*, 7th Dist. No. 01-C.A.-62, 2002-Ohio-3852,

¶18; *Mortgage Electronic Registration Systems, Inc. v. Green Tree Servicing, LLC*, 9th Dist. No. 23723, 2007-Ohio-6295, ¶9.

**{19}** Because we must remand this matter pursuant to Appellant's first assignment, any ruling we would issue in assignment two would be advisory, only. On remand, if the trial court does issue a final judgment of foreclosure, the court will be required to inform Appellant of the amount required for her to redeem the property pursuant to R.C. 2329.33, with specifity. Because no final order in foreclosure has issued, Appellant's second assignment of error in this regard is overruled.

**{20}** In conclusion, the affidavit submitted by Appellee in support of its motion for summary judgment did not contain a certificate of service. Hence, it could not be used by the trial court as evidence in this matter. Because there was no other evidence in the record to establish the amount due on the note, it was error to grant summary judgment to Appellee. The judgment of the trial court is hereby reversed and this matter is remanded for further proceedings. Appellant's second assignment of error is overruled.

Vukovich, J., concurs.

DeGenaro, J., concurs.