[Cite as *LaSalle Bank Natl. Assn. v. Smith*, 2012-Ohio-4040.]

STATE OF OHIO      )          IN THE COURT OF APPEALS OF OHIO
                         )
MAHONING COUNTY    )    SS:          SEVENTH DISTRICT

LaSALLE BANK NATIONAL     )
ASSOCIATION, TRUSTEE,     )    CASE NO.   11 MA 85
                         )
      PLAINTIFF-APPELLEE    )
                         )
VS.                     )    JUDGMENT ENTRY
                         )
RONALD SMITH, et al.,      )
                         )
      DEFENDANTS-APPELLANTS.  )

For the reasons stated in the Opinion rendered herein, the assignments of error are without merit and are overruled. It is the final judgment and order of this Court that the judgment of the Common Pleas Court, Mahoning County, Ohio, is affirmed. Costs taxed against appellants.

_____

_____

_____
                                              JUDGES.

[Cite as *LaSalle Bank Natl. Assn. v. Smith*, 2012-Ohio-4040.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LaSALLE BANK NATIONAL ASSOCIATION, TRUSTEE, | ) ) ) | CASE NO. 11 MA 85 |
| PLAINTIFF-APPELLEE | ) ) | |
| VS. | ) ) | O P I N I O N |
| RONALD SMITH, et al., | ) ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Common Pleas Court, Case No. 05CV3869.

JUDGMENT: Affirmed.

APPEARANCES:
For Plaintiff-Appellee: Attorney Anne Sferra
Attorney Nelson Reid
Attorney Justin Ristau
100 South Third Street
Columbus, Ohio 43215-4291

For Defendant-Appellant: Attorney Bruce Broyles
5815 Market Street, Suite 2
Boardman, Ohio 44512

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: August 27, 2012

VUKOVICH, J.

**{¶1}** Defendants-appellants Ronald and Nancy Smith appeal the decisions of the Mahoning County Common Pleas Court that denied their motion for reconsideration and their Civ.R. 60(B) motion for relief from judgment. The Smiths contend that the January 12, 2007 judgment ordering foreclosure and sale of the real property and residence located at 1625 Gully Top Lane, Canfield Ohio, in Mahoning County was not a final order, and thus, the trial court could reconsider its order of foreclosure. In the alternative, they contend that even if the January 12, 2007 order was a final appealable order, the trial court erred when it denied their Civ.R. 60(B) motion. They assert that plaintiff-appellee LaSalle Bank National Association, As Trustee for Certificate Holders of Bear Stearns Asset-Backed Securities LLC Asset Back Certificates, Series 2004-HE5 (LaSalle) committed fraud on the court when it asserted in its complaint that it was a real party in interest, despite the fact that according to the Smiths, LaSalle is not the holder of the mortgage. The Smiths assert that this is a meritorious defense and that the motion was brought within a reasonable amount of time.

**{¶2}** For the reasons expressed more fully below, the decision of the trial court is hereby affirmed. The January 12, 2007 order is a final order of foreclosure. As such, the motion for reconsideration is a nullity and the trial court did not abuse its discretion in denying the motion. As to the Civ.R. 60(B) motion, the action was not timely.

STATEMENT OF THE CASE

**{¶3}** LaSalle filed a complaint and an amended complaint in foreclosure against the Smiths asserting that the Smiths defaulted on their mortgage for the real property and residence located at 1625 Gully Top Lane in Canfield, Ohio, and that LaSalle has the first lien on the property. 10/13/05 and 10/25/05 Complaints. LaSalle asserted that $525,023.67 plus interest was owed on the note.

**{¶4}** From the record it appears that in October 2004, when the Smiths were five payments behind in their mortgage, they executed a forbearance agreement. The Smiths defaulted on that agreement and in April 2005, when were seven

payments behind, and they executed a second forbearance agreement. They defaulted on this agreement too and in October 2005, they executed their third and final forbearance agreement. They only made one payment under that plan. On May 1, 2006, LaSalle accelerated the loan, called it due and initiated foreclosure proceedings.

{¶5} After the Smiths answered the complaint, LaSalle moved for summary judgment. 01/27/06 Motion. The Smiths filed motions in opposition to summary judgment approximately six months later. 07/19/06 Motions. LaSalle filed a response to the opposition motions in August 2006. Thereafter, in December 2006, LaSalle filed a detailed account of mortgage.

{¶6} In January 2007, the trial court granted summary judgment in favor of LaSalle ordering foreclosure and the sale of the property. No appeal was filed from this order.

{¶7} In July 2007, the property was set for sale. However, in August 2007, the case was stayed due to the Smiths filing bankruptcy. Thus, the order of sale was withdrawn. The bankruptcy stay was lifted in October 2007 after the bankruptcy case was dismissed.

{¶8} The property was ordered to sale and a notice of sale was issued in May 2008. However, prior to the sale, the Smiths requested another stay because of an action they had pending in Federal District Court against LaSalle. In that case, the Smiths asserted that LaSalle violated the Truth in Lending Act. The trial court granted the stay request. 06/20/08 J.E.

{¶9} In October 2009, the stay was lifted after the federal case had been dismissed. 10/19/09 J.E. One week later, the Smiths requested another stay. This request was based on a pending case in the Mahoning County Common Pleas Court that made claims against LaSalle that were similar in nature to the claims that were already asserted and dismissed by the federal court. 10/28/09 Motion. In March 2010, prior to the court ruling on the request, the Smiths asked the trial court to reconsider its October 2009 order lifting the stay. The magistrate stayed the case.

06/23/10 J.E. However, in February 2011 the trial court vacated the magistrate's stay.

{¶10} On March 16, 2011, approximately 51 months after the initial foreclosure order, the Smiths filed a motion for reconsideration of the trial court's January 12, 2007 order. That same day they also filed a Civ.R. 60(B) motion for relief from judgment. Both motions asserted that LaSalle is not the real party in interest, committed fraud on the court and violated the Pooling and Servicing Agreement (PSA) that governed how the mortgage was to be placed in the Bear Stearns Trust. LaSalle filed motions in opposition to both of the Smiths' motions. 04/15/11 and 04/26/11 Motions. On May 4, 2011, the trial court overruled the motions. It is from that order that the Smiths appeal.

{¶11} During the pendency of the appeal, the Smith sought a stay of the January 12, 2007 order. The trial court denied the stay. We granted the stay and ordered a bond in the amount of $750,000. 06/29/11 J.E. Even though the Smiths did not file the required bond to stay the proceedings, on July 7, 2011, LaSalle moved to withdraw the order of sale. The trial court granted the motion and the order of sale was withdrawn. 07/07/11 J.E.

<u>JANUARY 12, 2007 JUDGMENT ENTRY</u>

{¶12} The arguments presented in the assignments of error are alternatives to each other. The first assignment of error is premised on the position that the January 12, 2007 order is not a final order since a trial court can only reconsider nonfinal orders. The second assignment of error is premised on the position that the January 12, 2007 order is a final order since Civ.R. 60(B) only applies to final orders. Thus, before addressing the assignments of error, the initial question this court must decide is whether the January 12, 2007 Judgment Entry that ordered foreclosure and sale of the property was a final appealable order.

{¶13} Our court has previously looked at the issue of what is needed in a foreclosure judgment to render that judgment final. *Second Nat. Bank of Warren v. Walling*, 7th Dist. No. 01CA62, 2002-Ohio-3852. We have stated that:

[A] judgment entry ordering a foreclosure sale is not final and appealable unless it resolves *all* of the issues involved in the foreclosure, including the following: whether an order of sale is to be issued; what other liens must be marshaled before distribution is ordered; the priority of any such liens; and the amounts that are due the various claimants.

(Emphasis sic.) *Id.* ¶ 18.

{¶14} Within the past year we have favorably cited our decision in *Walling*. *PHH Mtge. Corp. v. Albus*, 7th Dist. No. 09MO9, 2011-Ohio-3370, ¶ 18. In *PHH* we found that the judgment was not final even though the judgment entry did state the exact amount due on the promissory note, it included a demand to marshal liens and it did provide that there was a right to redemption. *Id.* This was because the judgment entry stated that the final decree of foreclosure is "to be submitted" at some point in the future. *Id.* Furthermore, the entry did not include the description and amount of other liens, the priority of the liens, and how the funds should be distributed to the various claimants. *Id.*, citing *Walling*, ¶ 18.

{¶15} In the case at hand, the January 12, 2007 judgment entry that granted summary judgment in favor of LaSalle acknowledged that defendants McHutchinson LLC and Sky Bank Successor to Citizens Banking Company "disclaimed any right, title claim or interest in the premises described herein." The judgment then stated:

The Court finds that there is due the Treasurer of Mahoning County, taxes, accrued taxes, assessments and penalties on the premises described herein, as shown on the County Treasurer's tax duplicate, the exact amount being unascertainable at the present time, but which amount will be ascertainable at the time of sale; which are a valid and subsisting first lien thereon for that amount so owing on the day of the timely transfer of deed.

* * *

The Court finds on the evidence adduced that there is due Plaintiff on the promissory note set forth in the First Count of the Complaint, the sum of $525,023.67, plus interest thereon at the rate of 8.25% per annum from February 1, 2005, plus all late charges due under the Note and Mortgage, all advances made for the payment of real estates taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law, for which sum judgment is hereby rendered in favor of Plaintiff against the Defendants, Ronald J. Smith.

* * *

The Court finds that Plaintiff has and will from time to time advance sums for taxes, insurance and property protection. Plaintiff has the first and best lien for these amounts in addition to the amount set forth above. The Court makes no finding as to the amounts of the advances and continues same until the confirmation of sale.

* * *

It is therefore ORDERED, ADJUDGED AND DECREED that unless the sums found due herein, together with the costs of this action be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption and dower of all defendants in and to said premises shall be foreclosed and that an order of sale may be issued to the Mahoning County Sheriff, directing him to appraise, advertise in a paper of general circulation within the County and sell said premises as upon execution and according to law free and clear of the interest of all parties to this action.

1/12/07 J.E.

**{¶16}** The above clearly shows that any other lien holders have disclaimed their rights. Thus, here, we do not have the issue that we had in *Walling* where the number, priority and value of other outstanding liens was not determined. Likewise, the ability to redeem the property is also set forth.

**{¶17}** The Smiths' assertion that this judgment is not final is based on the fact that the judgment does not, in their opinion, determine the amounts due and leaves that determination for a later date.

**{¶18}** The judgment entry clearly indicates that certain fees are not ascertainable at the time of the judgment entry. For instance, the accrued taxes that will be owing to the Mahoning County Treasurer at the time of the sale is not ascertainable at the order of foreclosure because it is unclear how long it will take to sell the property. Likewise, if LaSalle advances sums for taxes, insurance and property protection, that is also not ascertainable at the point that foreclosure is ordered. The court cannot compute those figures because their final amount is dependent on how quickly the property sells. However, what is clear from the judgment is that any money that is expended by LaSalle for those items constitutes a lien on the property. While the trial court did state that it is not making any "finding as to the amount of the advances and continues the same until the confirmation of the sale" that statement should not render the judgment nonfinal.

**{¶19}** Our decision in *PHH* that the foreclosure order was not final was partially based on the statement in the trial court's judgment of foreclosure that a final decree of foreclosure is "to be submitted" at some point in the future. *PHH Mtge. Corp. v. Albus*, 7th Dist. No. 09MO9, 2011-Ohio-3370, ¶ 18. The statement that the amount of the advances will be determined in the confirmation of the sale judgment is not the equivalent to the statement that a final decree of foreclosure is "to be submitted" at some point in the future. Thus, our case is distinguishable from *PHH*.

**{¶20}** At this point, it is important to recognize that there are two judgments that are appealable in foreclosure actions. *Emerson Tool, L.L.C. v. Emerson Family Ltd. P'ship*, 9th Dist. No. 24673, 2009-Ohio-6617, ¶ 13, citing *Citifinancial, Inc. v. Haller-Lynch,* 9th Dist. No. 06CA008893, 2006-Ohio-6908, ¶ 5-6. See, also, *Bankers*

*Trust Co. of California, N.A. v. Tutin,* 9th Dist. No. 24329, 2009-Ohio-1333, ¶ 14; *Triple F. Invests., Inc. v. Pacific Fin. Servs., Inc.*, 11th Dist. No. 2000-P-0090, 2001 WL 589343 (June 2, 2001). The first is the order of foreclosure and sale. The second is the confirmation of the sale.

**{¶21}** Thus, if the advances made for taxes, insurance and property protection are determined at the time of the confirmation of the sale, any amount in dispute is subject to an appeal of the confirmation of the sale order. The order of foreclosure clearly indicates that those advances are the first and best lien for those amounts in addition to the amounts set forth above. This is especially the case when the advances are future costs that have not occurred and potentially may not occur. To find that the judgment entry is nonfinal because it is does not compute future costs would mean that no judgment of foreclosure and sale would ever be final.

**{¶22}** Consequently, after considering the entire January 12, 2007 judgment entry we find that it is a final appealable order.

## FIRST ASSIGNMENT OF ERROR

**{¶23}** "THE TRIAL COURT ERRED IN DENYING THE MOTION FOR RECONSIDERATION."

**{¶24}** It has been explained multiple times that motions for reconsideration of a final judgment in the trial court are a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981). As explained above, the January 12, 2007 order of foreclosure is a final appealable order. Thus, considering *Pitts* and our holding regarding the finality of the January 12, 2007 order, this assignment of error lacks merit.

## SECOND ASSIGNMENT OF ERROR

**{¶25}** "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR RELIEF FROM JUDGMENT."

**{¶26}** Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding" when certain factors are met. Civ.R. 60(B) only applies to final orders.

Therefore, since we have found that the January 12, 2007 order is a final order, Civ.R. 60(B) can be used as means to have that order vacated.

**{¶27}** The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is an abuse of discretion. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 107, 647 N.E.2d 799 (1995).

**{¶28}** We have continuously explained that Civ.R. 60(B) cannot be used as a substitute for appeal. *John Soliday Fin. Group, L.L.C. v. Moncreace*, 7th Dist. No. 09 JE 11, 2011-Ohio-1471, ¶ 11, quoting *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986). The movant's arguments cannot merely reiterate merit arguments that could have been raised on appeal. *Manigault v. Ford Motor Co.,* 134 Ohio App.3d 402, 412, 731 N.E.2d 236 (8th Dist. 1999).

**{¶29}** In order to prevail on a motion brought under Civ.R. 60(B), the movant must show that:

**{¶30}** "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 549 N.E.2d 505 (1976), paragraph two of the syllabus.

**{¶31}** The grounds for relief under the second *GTE* element are:

(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

**{¶32}** Our analysis will begin with the second and third *GTE* factors, grounds for relief and timeliness of the Civ.R. 60(B) motion. The Smiths contend that the catchall provision in Civ.R. 60(B)(5) applies, i.e. any other reason justifying relief from the judgment. Specifically, they contend that when counsel for LaSalle filed the complaint asserting LaSalle was the holder of the note and mortgage, counsel was committing a fraud on the court because counsel knew LaSalle was not the holder of the note. Therefore, according to the Smiths Civ.R. 60(B)(5) is applicable and since the motion for vacation was filed within a reasonable time, it complied with the timeliness requirement.

**{¶33}** LaSalle disagrees and asserts that the allegation that LaSalle knew it was not the holder of the note is more akin to (B)(3), "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." Thus, according to LaSalle, Civ.R. 60(B)'s one year filing requirement is applicable. Since the motion was filed approximately 4 years and 3 months after the foreclosure judgment, it was untimely.

**{¶34}** As can be seen by the arguments, the determination of whether the vacation motion is timely is partially dependent upon what ground for relief is being claimed. The comments to Civ.R. 60(B) clearly indicate that fraud upon the court differs from Rule 60(B)(3), fraud or misrepresentation by an adverse party. Civ.R. 60(B) (staff notes). "Fraud upon the court might include, for example, the bribing of a juror, not by the adverse party, but by some third person." Id.

**{¶35}** The Ohio Supreme Court has explained that "fraud on the court" occurs when an officer of the court (i.e. an attorney) actively participates in defrauding the court. *Coulson v. Coulson*, 5 Ohio St. 3d 12, 15, 448 N.E.2d 809 (1983). This type of

fraud does not fall under Civ.R. 60(B)(3), but rather constitutes a ground for relief under Civ.R. 60(B)(5). *Id.*

**{¶36}** That said, our sister district has stated that the mere allegation that the party seeking foreclosure is not the holder of the note is not enough for it to constitute fraud on the court, rather in that case it merely falls under general fraud. *U.S. Bank Natl. Assn. v. Spicer*, 3d Dist. No. 9-11-01, 2011-Ohio-3128, ¶39, 41-42. However, in that case, there was not a clear allegation that counsel for the bank was involved in the fraud. Here, the Smiths take the allegation one step farther than Spicer did; the Smiths contend that the counsel for LaSalle was involved in the fraud and thus, it became fraud on the court.

**{¶37}** Here, the Smiths' allegation involves an officer of the court and thus, by mere definition the ground for relief is fraud on the court. Whether the Smiths can prove such allegation is a whole separate issue. However, it falls under Civ.R. 60(B)(5) and thus, in order to meet the timeliness requirement, the motion was required to be filed within a reasonable time.

**{¶38}** Thus, the issue before this court is whether the four year and three month delay was reasonable. It has been explained that the determination for Civ.R. 60(B) as to what is a reasonable length of time is fact specific. *Frantz v. Martin*, 8th Dist. No. 92211, 2009-Ohio-2377, ¶14 (stating, "from a review of case law regarding timeliness of Civ.R. 60(B) motions, it is clear that each case must be decided upon its own facts as a delay of four years has been held to be reasonable, and a delay of four months has been held to be unreasonable").

**{¶39}** Given the facts of this case, we do not find that the length of the delay was reasonable. Admittedly, the Smiths have pursued multiple tactical maneuvers to stop the foreclosure, which included constant litigation that stayed the foreclosure action. However, stays do not prevent a party from filing a motion to vacate. While the trial court could not rule on the motion during the stays, the motion still could have been filed.

**{¶40}** Likewise, it also acknowledged that the Smiths had to obtain the voluminous Pooling and Servicing Agreement (PSA) and its supplement, the

Prospectus Supplement, from the Securities and Exchange Commission to determine whether LaSalle complied with those requirements in those documents.  The PSA and Prospectus Supplement were obtainable at the time the complaint was filed; the Prospectus Supplement is dated 2004.    Thus, the alleged failure to follow the requirements could have been discovered shortly after filing of the 2005 complaint.

**{¶41}** The Smiths assert that it was not until the November 2010 Federal Congressional Oversight Panel Report came out that they could fully comprehend the legal consequences of LaSalle's failure to comply with the terms of the PSA.  We disagree with the position that the failure to comply with the terms of the PSA could not be discovered until the congressional report was issued.  The Federal Committee Report is merely a report, it is not law.  Therefore, it does not indicate the legal consequences of the failure to comply with the terms of the PSA.  Only through litigation can the consequences of failing to comply with the terms of the PSA be realized.   The Smiths did not need the committee report to realize legal consequences, but rather needed to pursue the issue through the courts.

**{¶42}** Furthermore, the congressional report does not indicate that there is a clear issue in the case at hand.  The report indicates that mortgages may not have been properly conveyed to the trust that claims to own the note if the required documentation to transfer the note and mortgage to the trust was incomplete.  Thus, the trust may not have the ability to enforce the lien through foreclosure because it may not be the owner of the note and mortgage.   The report shows that for securitization of the mortgage there are multiple transfers. It shows the mortgage starting with the originator, who in this case would be Encore, then being transferred to a Securitization Sponsor and then to a Depositor and then to the Securitization Trust, which in this case would be LaSalle.  In this case the middlemen were jumped and the mortgage was placed directly into the trust.  Encore, the original lender assigned the note and mortgage to "LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Stacked Securities I LLC Asset Backed Certificates, Series 2004-HE5".  The report does not suggest whether such an action was right or wrong.

**{¶43}** Consequently, considering all the above the motion for relief from judgment was not filed within a reasonable time. Thus, as the third *GTE* requirement was not met, the trial court did not abuse its discretion in denying the Civ.R. 60 motion. *Rose Chevrolet, Inc.,* 36 Ohio St.3d at 20, 520 N.E.2d 564 (1988) (stating that the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the foregoing three requirements). Therefore, this assignment of error lacks merit.

<u>CONCLUSION</u>

**{¶44}** The trial court's January 12, 2007 order of foreclosure is a final appealable order. The first assignment of error lacks merit because reconsideration of a final trial court order is a nullity. The second assignment of error also lacks merit because the Civ.R. 60(B) motion was not made within a reasonable time. Therefore, the trial court's decisions to deny the motion for reconsideration and Civ.R. 60(B) motion to vacate are hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.

APPROVED:

_____
JOSEPH J. VUKOVICH, JUDGE