HALL, P.J., dissenting:
{¶ 34} I respectfully dissent. As set forth more fully below, I believe our prior decision regarding the non-finality of the trial court's January 12, 2016 foreclosure decree was erroneous. But even if the law of the case compels adherence to that decision, the foreclosure decree was not void and the trial court had jurisdiction to proceed with a sheriff's sale and subsequent confirmation. Moreover, once a confirmation entry was filed, any interlocutory orders preceding it (including the purportedly non-final foreclosure decree) became final and subject to appeal. Even if the trial court erred in allowing a sheriff's sale to proceed in the face of what we erroneously held to be a non-final order, the Appellants have failed to demonstrate in this appeal how they were prejudiced by the trial court's action. In addition, by failing to raise as error in this appeal the trial court's award of summary judgment to the bank or its dismissal of their counterclaims, the Appellants have waived those potentially prejudicial issues. Therefore, I would affirm the trial court's confirmation of sale.
{¶ 35} In reaching the foregoing conclusions, I note that when the trial court issued its "Judgment Entry-Decree of Foreclosure" on January 12, 2016, including a monetary judgment for three loans in favor of Farmers against the Sponaugles in the aggregate amount of $249,828.18, plus various interest rates, it also determined that Farmers' mortgages were (after real estate taxes) the first, second and third best liens on the real estate. The Sponaugles appealed, but we dismissed the appeal. In the interim, the property, which appraised at $128,000 (Doc. # 120), was sold at a sheriff's sale on February 26, 2016, with Plaintiff as the purchaser, for $85,334.
{¶ 36} In the referenced attempted appeal, we issued a March 10, 2016 show-cause order directing the Appellants to demonstrate whether the trial court's January 12, 2016 decree was a final, appealable order. We expressed concern that it may not have resolved all issues involved in the foreclosure, including the priority and value of all outstanding liens. Our March 10, 2016 show-cause order, although distributed to all parties, only directed the Appellants to respond within 14 days why the case should not be dismissed. Our order did not invite or schedule responses from any other party, a procedure we should change. In their March 16, 2016 response, the Appellants, likely recognizing a favorable potential consequence of the lack of an appealable order in regard to their already-sold property, readily agreed that the January 12, 2016 entry was not a final, appealable order. On April 18, 2016, we dismissed the first appeal for lack of a final, appealable order because the trial court's ruling "did not determine the amounts due on all liens, namely, the liens held by American Budget Company *364 and the Darke County Treasurer." Now, being fully aware of the prior judgment entries, the nature of the stated liens, and the circumstances of the case, I conclude that we (this writer included) were wrong.
{¶ 37} The rub in this case is that the January 12, 2016 decree determined the priority of liens with the real-estate-tax lien of the Darke County Treasurer being first, Farmers' mortgages (the amounts being specified) being second, third and fourth, and American Budget Company (by virtue of its "Certificate of Judgment, recorded on November 14, 2012 at 12CJ00704 in the office of the clerk of courts of Darke County, Ohio") being last in line. But the amounts for the Darke County Treasurer and the American Budget lien were not included in the trial court's decree.
{¶ 38} In support of the proposition that a foreclosure decree is not a final, appealable order "unless it resolves all of the issues involved in the foreclosure, including * * * the priority of any such liens; and the amounts that are due the various claimants," we repeatedly have cited Second Nat. Bank of Warren v. Walling , 7th Dist. Mahoning No. 01-CA-62, 2002-Ohio-3852, 2002 WL 1746496, ¶ 18. In Walling , the Seventh District held that a foreclosure judgment entry that did not address "the number, priority and value of the other outstanding liens" (in particular the Ohio Department of Taxation, the Mahoning County Treasurer and the United States of America, all of whom had tax liens, were parties, and had filed answers and cross-claims to the complaint) was not a final appealable order because each of the cross-claiming parties "requested the marshalling and determination of the status and priority of all outstanding liens." Id. at ¶ 19.
{¶ 39} Here, however, American Budget filed an answer (Doc. # 83), not a cross-claim, and its prayer for relief asked only that its lien be recognized and its priority determined. (Id. at 4-5). I cannot find any reference, anywhere in our record, that the existence or amount of the American Budget lien ever was in actual dispute. In this situation, Walling does not directly apply. In addition, I believe we have been imprecise by citing Walling after it effectively was overruled, in part, by the Ohio Supreme Court in CitiMortgage, Inc. v. Roznowski, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140.
{¶ 40} The decree in Roznowski included an award for unspecified sums advanced by the plaintiff for costs of evidence of title, payment of taxes, insurance, inspections, appraisal, preservation and maintenance of the property. The Supreme Court stated:
[F]or a judgment decree in foreclosure to constitute a final order, it must address the rights of all lienholders and the responsibilities of the mortgagor. As detailed by the Seventh District, the judgment entries in Walling and PHH [Mtge. Corp. v. Albus , 7th Dist. Monroe No. 09 MO 9, 2011-Ohio-3370 [2011 WL 2650855] ] were not final orders, because they failed to address the rights of various lienholders involved in those cases. In LaSalle [Bank Natl. Assn. v. Smith , 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040 [2012 WL 3834894] ] and in the present case, however, the judgment entries set forth the rights of all lienholders. Although the trial courts in LaSalle and the present case did not specify the actual amounts due, they did state what the mortgagors would be liable for. Each party's rights and responsibilities were fully set forth-all that remained was for the trial court to perform the ministerial task of calculating the final *365 amounts that would arise during confirmation proceedings.
Roznowski , at ¶ 20.
{¶ 41} Furthermore, the LaSalle foreclosure entry included, inter alia, "taxes, assessments, and penalties on the property levied by the county treasurer" but did not specify the amounts because they were not ascertainable until the time of the sale. The conclusion that the LaSalle order of foreclosure, even absent lien amounts, was a final order was tacitly approved by Roznowski , contrary to the overly-broad language of Walling, and we no longer should cite Walling for the proposition that the precise value of a lien must be stated in every instance.
{¶ 42} Turning to the trial court's January 12, 2016 entry in this case, it specified the applicable liens and determined their priority. That entry should have been declared final and appealable under Roznowski and LaSalle, despite the fact that it did not specify the amount of real-estate taxes due to the treasurer, when that amount most likely would, and in fact did, change by the passage of time before the sale and/or confirmation. (See Trial Court's Decision on Motions to Confirm or Vacate Sale, Doc. # 137 at 2) (noting that "the tax amount in the Entry of Confirmation was different than one which might have been included in the Decree of Foreclosure since another half year taxes had accrued awaiting sale").
{¶ 43} Likewise, the January 12, 2016 foreclosure decree should have been held to be final with respect to the American Budget lien. The entry described the last lien in priority as follows: "AMERICAN BUDGET COMPANY, has a valid and subsisting lien pursuant to its Certificate of Judgment, recorded on November 14, 2012, at 12CJ00704, in the office of the Clerk of Courts of Darke County, Ohio." (Doc # 117). A lien reflected in a certificate of judgment is not just a non-descript allegation of an interest in real property. Under R.C. 2329.02, a "certificate of judgment" is the filing "in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof." (Emphasis added). The amount of the lien is of record in the same clerk of court's office where the complaint is administered.
{¶ 44} At oral argument in this case, even the Sponaugles' counsel, well-experienced in foreclosure defense, indicated that he wished plaintiff's counsel would not just place the amount of the certificate of judgment in a foreclosure decree because of unspecified problems it might cause. It is possible that a judgment amount may have been satisfied by separate collection actions or by separate land transactions in the same county, against which the certificate of judgment is also a lien. And even if subsequent payments do not alter the amount due, the final amount still needs to be calculated after sale and before confirmation because of ongoing interest and perhaps penalties. The point is that, with a certificate of judgment where there is no actual dispute over existence or amount, the task of final computation of the amount due is at least as ministerial as the calculation of real estate taxes due at the time of sale. Accordingly, upon the initial appeal, we should have held that the foreclosure decree was a final, appealable order and should not have dismissed that appeal. We were wrong.
*366 {¶ 45} Unfortunately for the Appellants, we compounded our error when they filed an original action in prohibition and procedendo to prevent the trial court from confirming the sale of the property. There, we denied each writ and noted that an appeal from the order-of-confirmation entry was pending, which provided an adequate remedy at law. We said: "Sponaugle can make his argument challenging the trial court's authority to allow execution of the non-final Foreclosure Decree on appeal and, if correct, can timely obtain the result he seeks here: an order vacating the Confirmation Order." State ex rel. Sponaugle v. Hein , 2d Dist. Darke No. 16 CA 00007, 2017-Ohio-1210, 87 N.E.3d 722, ¶ 47. That statement is only partially accurate. The Appellants do not seek only an order vacating the confirmation of sale. More fundamentally, they apparently seek to appeal the various issues underlying the foreclosure decree itself, including, presumably, the right to appeal the trial court's granting summary judgment to the plaintiff (Doc. # 111) and the dismissal of their amended counterclaims. (Doc. # 105). Our quoted statement in the original action though suggested that all the Sponaugles needed to do was appeal from the confirmation of sale on the sole basis that the foreclosure decree was not final, and then the confirmation could be vacated and the status quo restored. Our statement that the Sponaugles had an adequate remedy also did not recognize that intervening events could render the decree final, or that a confirmation entry itself would render the foreclosure decree final, and then all aspects of the case would be appealable. Both occurred in this case.
{¶ 46} As reflected in the April 21, 2016 Order Confirming Sheriff's Sale, etc., the trial court determined that "AMERICAN BUDGET COMPANY, released its Certificate of Judgment Lien on or about February 16, 2016, and that, therefore, no further action is required with reference to the cancellation or release of said Lien with reference to the described property." (Doc. # 138 at 4). Even assuming an infirmity with respect to the American Budget lien value kept the January 12, 2016 foreclosure judgment from being final, the lien release would have made the foreclosure judgment final effective on the lien-release date (much like a Civ.R. 41(A) dismissal of remaining parties renders final a previously-entered interlocutory judgment against existing parties). See, e.g ., Denham v. New Carlisle , 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999). But the Appellants did not appeal at that time.
{¶ 47} Moreover, the confirmation entry-which we undoubtedly accept as final and appealable here because we are considering it-renders final and appealable anything previously interlocutory that occurred before it. Thus, the Appellants could have challenged the award of summary judgment to the bank or the dismissal of their counterclaims in this appeal, but they did not. Their only assignment of error relates to whether the property could be sold without a final, appealable order. At this juncture, the amount of any lien of American Budget, even if it had not been released, is wholly irrelevant. As previously indicated, Farmers' judgment was $249,828.18, plus various interest rates. The house, which appraised for $128,000, was sold to the plaintiff at the February 26, 2016 sheriff's sale for $85,334. The April 21, 2016 confirmation entry indicates that after court costs, Darke County real-estate taxes, and miscellaneous processing expenses to the Darke County Auditor, Recorder and Sheriff, all of the funds remaining ($73,902.38) were to be paid to Farmers State Bank and that there was a deficiency owed to Farmers. I admit we ordinarily should not calculate whether secondary liens are of consequence, but in *367 this case the amount of American Budget's previous lien is not even of academic interest.
{¶ 48} In my opinion, the only question remaining is whether, or how, the Appellants have been harmed. Once the confirmation entry was filed, any interlocutory orders preceding it became final and subject to appeal. Thus, the Appellants could have appealed the grant of summary judgment to Farmers in this second appeal. They did not. They could have assigned as error that their counterclaims improperly were dismissed. They did not. Their notice of appeal did include an appeal from the trial court's "Decision-Plaintiff's Motion to Confirm Sale and Defendants' Motion to Vacate Sale" filed April 21, 2016 (Doc. # 137), which included the following: "The Court finds that default and summary judgment was properly granted against various parties previously described. Specifically, the Court finds that summary judgment is properly granted against American Budget Company since it filed an answer to the complaint, no counter-claim and no pleadings in response to the motion for summary judgment." (Id. at 2).[3] The Appellants could have assigned error to this conclusion, but they did not. The Appellants also do not complain about the amount of the sale or the distribution of proceeds. They do not complain that no proceeds are due to American Budget, the purported infirmity in the foreclosure decree. The only error the Appellants have assigned is that the decree ordering the sale was not a final, appealable order, a determination we did not make until after the sale had been completed.
{¶ 49} Notably, our previous determination that the January 12, 2016 foreclosure decree was not appealable did not render the order of sale or subsequent proceedings void, only voidable. The trial court still had jurisdiction to proceed with the sale even if the lack of an appealable decree meant that execution on the decree was erroneous. The Appellants' argument is that they were deprived of their home and forcibly removed from their residence without an appealable judgment against them. (Appellants' Brief at 11). They further argue that this constitutes a denial of due process because they were denied the right to appeal from the trial court's decision. (Id. at 12). But any prior interlocutory order by the trial court is now subject to appeal. As set forth above, once the confirmation entry was filed, any interlocutory orders preceding it became final. By failing to raise in this appeal the trial court's award of summary judgment to the bank or its dismissal of their counterclaims as error, the Appellants have waived those issues. Thus, even if the trial court erred in allowing the sheriff's sale to proceed in the face of what we erroneously held to be a non-final order, the Appellants have failed to demonstrate how they were prejudiced. They have not shown how the ultimate result below would have been different but for the error they allege.[4] Therefore, I dissent and would affirm the trial court's confirmation of sale.

The motion for summary judgment (Doc. 106), among other things, did move for summary judgment against American Budget.

On this record, whether the claims of the treasurer or American Budget adequately were disposed of in the foreclosure decree is of no consequence.