[Cite as *Robirds v. Stidham*, 2016-Ohio-5081.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| Misty Robirds | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 16CA3749 |
| | : | |
| v. | : | |
| | : | |
| Gwen Stidham, et al. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Defendants-Appellants. | : | |
| | : | **RELEASED:  7/15/2016** |

_____

APPEARANCES:

Robert R. Dever, Portsmouth, Ohio, for Appellants.

James H. Banks, Dublin, Ohio for Appellee.

_____

HARSHA, A.J.

{¶1}    Appellee Misty Robirds filed a motion to dismiss this appeal on the ground that it is untimely. Robirds argues that the trial court's 2013 judgment entries became final when the Appellants dismissed their cross-claims in February 2016, not when the trial court "reinstated" them in March 2016. Robirds argues that because Appellees used the date of the trial court's "reinstated" March entry to calculate their 30-day period to file their notice of appeal, it is late. Appellants Gwen Stidham and Buba's Inc. argue that the March 2016 entry "finalized" the 2013 judgment entries, they filed their notice of appeal within 30 days of the March 2016 entry, and their appeal is timely. We find that the February 2016 entry dismissing the cross-claims finalized the 2013 judgment entries

and started the 30-day period for filing the notice of appeal. The trial court's March 2016 entry "reinstating" the 2013 entries is a nullity. To the extent Appellants seek review of the trial court's 2013 entries, Appellants' notice of appeal is untimely and we dismiss this appeal for lack of jurisdiction. To the extent Appellants seek review of the March 2106 entry, it is a nullity and therefore not a final, appealable order. We **GRANT** Robirds's motion to dismiss and **DISMISS** this appeal. We also **DISMISS** Robird's cross appeal.

### Procedural Background

**{¶2}**  Robirds filed a lawsuit against Stidham and Buba's Inc. and other defendants, asserting claims for unlawful eviction, conversion, unjust enrichment, and conspiracy, and seeking damages as well as attorney fees. Buba's Inc. filed a cross-claim against Stidham seeking indemnification. In May 2013 the trial court issued a decision and judgment entry in which it dismissed all the defendants except Stidham and Buba's Inc. The trial court found Stidham liable for wrongful eviction and conversion and Buba's Inc. liable for wrongful eviction and for not taking the necessary steps to allow Robirds to return to the rental property. The trial court also ordered Stidham to return certain personal property to Robirds and awarded Robirds a monetary judgment against Stidham and Buba's Inc. and attorney fees. The entry did not determine the amount of the attorney fees to be awarded.

**{¶3}**  Stidham filed an appeal of the trial court's May 2013 judgment, but in September 2013 we issued a decision and judgment entry dismissing the appeal for lack of a final, appealable order because the trial court had not determined the amount

of attorney fees to be awarded.  The trial court held additional proceedings and issued a judgment entry awarding Robirds $12,415.00 in attorney fees.

{¶4}    Stidham appealed again. We dismissed Stidham's second appeal because Buba's Inc.'s cross-claim had not been decided. We determined that we lacked jurisdiction to consider the appeal because of the pending cross-claim. *Robirds v. Stidham*, 4th Dist. Scioto App. No. 13CA3576, 2014-Ohio-4256, ¶ 11-13.

{¶5}    On February 1, 2016, Buba's Inc. and Stidham filed a notice that voluntarily dismissed their cross-claims against each other. On March 25, 2016, the trial court entered the following judgment entry:

> This matter is before this Honorable Court on remand from the Court of Appeals to deal with matters that remained open and unresolved when the case was appealed. It now appears that the Defendants have dismissed the cross claims that they had previously filed.
> It is therefore, **ORDERED, ADJUDICATED** and **DECREED** that the previous Decision and Judgment Entry of this Court, dated May 15, 2013 (copy attached), and the Judgment Entry of this Court, dated September 24, 2013 (copy attached), be reinstated as of the date of this Judgment Entry as if Entered on this date and that there is no just cause for delay. **THIS IS A FINAL APPEALABLE ORDER**.

{¶6}    Stidham and Buba's Inc. filed their notice of appeal on April 14, 2016 – 73 days after they dismissed their cross-claims and 20 days after the trial court's "reinstatement" entry. To preserve her rights, Robirds filed a cross appeal.

<u>Legal Analysis</u>

{¶7}    Civ.R. 41(A)(1)(a) permits a plaintiff to dismiss his action without order of the court any time before the commencement of trial unless a counterclaim that cannot remain pending for independent adjudication has been served by the defendant. Civ. R. 41(C) governs cross-claims and states that the provisions of Civ.R. 41 apply to the

dismissal of any cross-claim. *See* Civ.R. 41(C). Dismissals under Civ.R. 41(A)(1)(a) are self-executing. *Wheeler v. Ohio State Univ. Med. Ctr.*, 4th Dist. Scioto No. 03CA2922, 2004-Ohio-2769, ¶¶ 15-16. Thus, " * * * the mere filing of the notice of dismissal by the plaintiff automatically terminates the case without intervention by the court." *Id.* quoting *Payton v. Rehberg*, 119 Ohio App.3d 183, 191, 694 N.E.2d 1379 (1997); *see also* *Holschuh v. Newcomb,* 11th Dist. Trumbull No. 2010-T-0129, 2011-Ohio-6205 ("Because a Civ.R. 41(A)(1)(a) dismissal is self-executing, 'the trial court's discretion is not involved in deciding whether to recognize the dismissal.' *  * * Hence when a Civ. R. 41(A)(1)(a) dismissal is filed, the time-stamped date on that document is controlling, not a subsequent court entry.").

{¶8}    This case automatically terminated on February 1, 2016, when Stidham and Buba's Inc. filed their voluntary dismissal of their cross-claims.[1] After Stidham and Buba's Inc. dismissed their cross-claims, the prior interlocutory orders became final judgments. "Once a final judgment existed, the trial court no longer had authority to revise or vacate its prior orders absent some recognized form of relief such as Civ.R. 60(B)." *Wheeler,* at ¶ 20. The trial court's March 25, 2016 judgment entry ordering that its 2013 judgment entries "be reinstated as of the date of this Judgment Entry as if Entered on this date" is a nullity. Thus, to the extent Stidham and Buba's Inc. seek appellate review of the March 25, 2016 entry, it is not a final, appealable order and we have no jurisdiction to hear it." *Wheeler*, at ¶ 21 (trial court's dismissal entry was a nullity

---

[1] Their notice of dismissal was made pursuant to Civ.R. 41(A)(1)(a) even though the entry incorrectly states it was made "[p]ursuant to Rule 41(B) of the Ohio Civil Rules." The record shows that the dismissal was not made pursuant to a motion under Civ.R. 41(B), but was done voluntarily by the cross-claimants prior to the commencement of trial.

where it was entered after plaintiff's voluntary dismissal divested the trial court of authority to subsequently dismiss the case); *see also Crowley v. City of Warren,* 11th Dist. Trumbull No. 2002-T-0177, 2003-Ohio-5692; *Hohn v. Demer,* 8th Dist. Cuyahoga No. 37967, 1978 WL 218269 (Dec. 7, 1978) (trial court may not indirectly extend the time for appeal set forth in App.R. 4(A) by reinstating its judgment).

{¶9}    Because the February 1, 2016 dismissal entry started the 30-day period for filing a notice of appeal, Stidham and Buba's Inc. notice of appeal was untimely filed. App.R. 4(A) imposes a 30-day deadline for a party to file a notice of appeal. This requirement is jurisdictional. *Gary Moderalli Excavating, Inc. v. Trimat Constr., Inc.*, 4th Dist. Gallia No. 13CA14, 2015-Ohio-2475, ¶ 8; *Bank One v. Salser,* 4th Dist. Meigs No. 05CA1, 2005-Ohio-3573 (a court of appeals lacks jurisdiction to review untimely appeals). Thus, we lack jurisdiction to consider this appeal or the cross appeal.

{¶10}  Appellee's motion to dismiss is **GRANTED. APPEAL AND CROSS APPEAL DISMISSED.**

{¶11}  The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail.  **IT IS SO ORDERED.**

Abele, J. and *Klatt, J.:  Concur.

FOR THE COURT

_____
William H. Harsha
Administrative Judge

*Judge William Andrew Klatt sitting by assignment of The Supreme Court of Ohio in the Fourth Appellate District.