[Cite as *Farmers State Bank v. Sponaugle*, 2017-Ohio-4322.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| THE FARMERS STATE BANK | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2016-CA-4 |
| | : | |
| v. | : | T.C. NO. 13-CV-610 |
| | : | |
| STEVEN SPONAUGLE, et al. | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___16th___ day of _____June_____, 2017.

. . . . . . . . . .

SCOTT D. RUDNICK, Atty. Reg. No. 0000853, 121 W. Third Street, Greenville, Ohio
45331
        Attorney for Plaintiff-Appellee

ANDREW M. ENGEL, Atty. Reg. No. 0047371, 7925 Paragon Road, Dayton, Ohio 45459
        Attorney for Defendants-Appellants

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Steven and Karen Sponaugle appeal from a judgment of the Darke County

Court of Common Pleas, which confirmed the sale of their property and ordered the

distribution of the proceeds and delivery of the deed.   The Sponaugles claim that the trial

court did not enter a final and appealable judgment of foreclosure, and therefore it lacked the authority to order and confirm the sale of the property. For the following reasons, the trial court's judgment confirming the sale will be reversed and the matter will be remanded for further proceedings.

## I. Background and Procedural History

{¶ 2} The Sponaugles obtained three separate loans from The Farmers State Bank, and they secured the notes with mortgages on their property. It is undisputed that the Sponaugles have defaulted on the loans. In October 2013, The Farmers State Bank filed a foreclosure action against the Sponaugles and others who may have had an interest in the property.

{¶ 3} On May 21, 2014, The Farmers State Bank and the Sponaugles reached a settlement agreement. The terms of the agreement included, among other things, that (1) the trial court would enter judgment in favor of the bank in the amount of $236,378.89 plus interest, (2) that the Sponaugles would pay $120,000 on or before August 23, 2014, in exchange for which the bank would dismiss its foreclosure action; and (3) that if the Sponaugles failed to pay the $120,000, the bank's mortgage liens would be foreclosed upon and the real estate sold "in accordance with the statutes and procedures currently in effect, free and clear of all further claims of the Defendant." The trial court signed the agreement as an agreed judgment entry, entering a monetary judgment in favor of The Farmers State Bank in the amount of $236,378.86, plus interest.

{¶ 4} The Sponaugles failed to make the $120,000 payment, and the trial court ordered the property to be sold. The trial court did not enter a separate judgment of foreclosure prior to ordering the sale, and the Sponaugles contested that the agreed

judgment entry constituted a judgment of foreclosure. The Sponaugles subsequently filed for bankruptcy, and the order of sale was vacated. The case was stayed due the bankruptcy action.

{¶ 5} In February 2015, after the case was reactivated and with leave of court, The Farmers State Bank filed an amended complaint, which added two defendants, American Budget Company (ABC) and Midland Funding LLC. Ultimately, in November 2015, the bank moved for summary judgment against the Sponaugles, ABC, and the Darke County Treasurer, all of whom had filed answers, and for a default judgment against the four defendants who had not filed answers. The Sponaugles obtained an extension to file a response to the motion; no responsive memorandum was filed by them or any other party.[1]

{¶ 6} On December 15, 2015, the trial court granted summary judgment in favor of The Farmers State Bank against the Sponaugles, and it ordered a default judgment against three of the non-answering defendants. The trial court ordered a trial with respect to the Ohio Department of Taxation, which also had not filed an answer. The trial court's summary judgment entry did not mention ABC or the Darke County Treasurer. On January 4, 2016, after a trial, the trial court granted judgment to the bank against the Ohio Department of Taxation.

{¶ 7} On January 12, 2016, the trial court entered a "Judgment Entry – Decree of Foreclosure." The judgment entry found that the Sponaugles owed The Farmers State Bank the sums, plus interest, of (1) $72,432.56, (2) $103,938.68, and (3) $73,456.94; the

---

[1] The Sponaugles later sought reconsideration of the summary judgment ruling and an opportunity to file a responsive memorandum. Those requests were denied.

trial court granted judgment to the bank in those amounts. The court further found that the three mortgage liens constituted the first, second, and third best liens on the property. The court found that the Darke County Treasurer may claim a lien on the property and that ABC claimed an interest by virtue of a certificate of judgment. The trial court ordered the equity of redemption foreclosed, that the property be sold, and set forth the priority of the claims against the property (the Darke County Treasurer tax lien, The Farmers State Bank's three mortgage liens, then ABC's certificate of judgment).

{¶ 8} The Sponaugles appealed from the judgment and decree of foreclosure. *The Farmers State Bank v. Sponaugle*, 2d Dist. Darke No. 16CA2 ("*Sponaugle I*"). They also asked the trial court to stay the judgment of foreclosure. The trial court granted the stay on the condition that the Sponaugles post a $141,458.94 supersedeas bond. The Sponaugles failed to post the bond, and a sheriff's sale was conducted on February 26, 2016. The Farmers State Bank purchased the property for $85,334.

{¶ 9} On March 10, 2016, we issued a show cause order in *Sponaugle I*, questioning whether the trial court's judgment and decree of foreclosure was a final appealable order. Due to the show cause order, the Sponaugles asked the trial court to set aside the sale. On March 29, the bank asked the trial court to confirm the sale and to order the distribution of the proceeds.

{¶ 10} On April 18, 2016, we dismissed *Sponaugle I*, finding that the January 12, 2016 judgment entry was not a final appealable order. We stated that the judgment entry did not "determine the amounts due on all the liens, namely, the liens held by American Budget Company and the Darke County Treasurer." *Id.*, citing *Second Nat. Bank of Warren v. Walling*, 7th Dist. Mahoning No. 01-CA-62, 2002-Ohio-3852, ¶ 18.

{¶ 11} On April 21, 2016, the trial court denied the Sponaugles' motion to vacate the sale and granted the bank's motion to confirm the sale of the property. The trial court reasoned:

The Court finds that the proposed Entry Confirming Sale properly accounts for the amount due to the Darke County Treasurer for real estate taxes. (The Court opines that it properly granted judgment on the cross-claim of the Treasurer when adjudicating its priority, in compliance with R.C. 323.11, R.C. 323.47(B) and R.C. 5721.10; also, it notes that the tax amount in the Entry of Confirmation was different than one which might have been included in the Decree of Foreclosure since another half year taxes had accrued awaiting sale.)

The Court finds that default and summary judgment was properly granted against various parties previously described. Specifically, the Court finds that summary judgment is properly granted against American Budget Company since it filed an answer to the complaint, no counter-claim and no pleadings in response to the motion for summary judgment. The trial verdict was properly granted against the Ohio Department of Taxation. Finally, the Court finds that the Sale proceeds are insufficient to pay any junior lien holders.

Defendants Sponaugle have failed to properly effect a stay of the Sheriff's Sale pursuant to the Ohio Rule[s] of Civil Procedure and Ohio Rules of Appellate Procedure. Sponaugles could have attended the sale and submitted bids to protect their own interests but did not do so though

aware of its date; they have not demonstrated actual prejudice by the sale's processes. Their failures are not for the Court to now resolve.

{¶ 12} By separate entry on the same date, the trial court confirmed the sheriff's sale and ordered the distribution of the proceeds and the execution and deliverance of a deed to the purchaser. The order confirming the sale noted that ABC had released its certificate of judgment lien on February 26, 2016, and it specified the amounts due to the Clerk of the Darke County Court of Common Pleas, the Darke County Treasurer, the Darke County Auditor, the Darke County Recorder, the Darke County Sheriff, and The Farmers State Bank.

{¶ 13} The Sponaugles appeal from the April 21, 2016 orders, claiming that the "trial court erred in confirming the February 26, 2016 sheriff's sale."

## II. Trial Court's Ability to Confirm Sale

{¶ 14} On appeal, the Sponaugles argue that the January 12, 2016 judgment and decree of foreclosure was not a final appealable order, and therefore the trial court could not execute on that judgment by ordering the sale of their property and confirming the sale. The Sponaugles assert that execution on a non-final judgment is contrary to Ohio Supreme Court and appellate case law, the Due Process and Equal Protection Clauses of the United States and Ohio Constitutions, and R.C. 2329.09 (allowing for the sale of personal and real property of a judgment debtor).

{¶ 15} The Farmers State Bank responds that the January 12, 2016 judgment was a final appealable order, and thus the trial court correctly confirmed the sale of the Sponaugles' property. The bank further asserts that, because the judgment was a final order, R.C. 2329.09 permitted the confirmation of sale. Finally, The Farmers State Bank

claims that the Sponaugles agreed to the sale of the property in the May 21, 2014 agreed judgment entry, and therefore any error by the trial court is "harmless." Specifically, the bank states that the agreed judgment entry identified lienholders without itemizing the amounts to which they were entitled, and thus the Sponaugles waived any objections they may have to a decree of foreclosure that failed to itemize the amounts to be paid to the various claimants from the sheriff's sale.

{¶ 16} At the outset, we reject The Farmers State Bank's contention that the January 12, 2016 judgment of foreclosure was, in fact, a final appealable order. This issue was decided in *Sponaugle I.*

{¶ 17} The law of the case doctrine "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). "The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Citations omitted.) *Id.* We explained in *L.G. Harris Family Ltd. Partnership I v. 905 S. Main St. Englewood, L.L.C.*, 2d Dist. Montgomery No. 26682, 2016-Ohio-7242:

> The law of the case doctrine is subject to very limited exceptions. One such exception is that "while a trial court cannot alter the law of the case as mandated by an appellate court, * * * an appellate court may choose to reexamine the law of the case it has itself previously created, if that is the

only means to avoid injustice. However, such reexaminations must not be undertaken lightly by an appellate court, nor encouraged as a common course of conduct for unsuccessful litigants." (Citation omitted*.) Weaver v. Motorists Mut. Ins. Co.,* 68 Ohio App.3d 547, 549, 589 N.E.2d 101 (2d Dist.1990).

(Additional citations omitted.) *L.G. Harris Family Ltd. Partnership* at ¶ 52.

**{¶ 18}** The Farmers State Bank did not file a memorandum in *Sponaugle I* addressing the show cause order, nor did it appeal our judgment of dismissal in *Sponaugle I* to the Ohio Supreme Court. Having foregone the opportunity to argue in *Sponaugle I* and to the Ohio Supreme Court that the January 12, 2016 was a final appealable order, and in the absence of intervening case law on this issue, we find that it is not unjust for us to apply the law of the case doctrine here. *See Hawley v. Ritley*, 35 Ohio St.3d 157, 519 N.E.2d 390 (1988). We do not find that this situation presents an extraordinary circumstance that would warrant reconsideration of our prior ruling.

**{¶ 19}** Second, we disagree with The Farmers State Bank that the Sponaugles waived any challenge to the sale of their property when they entered into a settlement agreement with the bank in May 2014. By its express terms, the settlement agreement/ agreed judgment entry provided that, if the Sponaugles failed to pay the $120,000, the bank's mortgage liens "shall be foreclosed upon with said real estate to be sold in accordance with the statutes and procedures currently in effect, free and clear of all further claims of the Defendants." The concluding paragraph of the agreed judgment entry further stated:

Upon failure of Defendants, STEVEN SPONAUGLE and KAREN

SPONAUGLE, to comply with the terms of this Agreed Judgment Entry, a Judgment Decree of Foreclosure *shall be filed* and an Order of Sale *shall thereafter issue* to the Sheriff of Darke County, Ohio, to facilitate the sale of the real property described in the Plaintiff's Complaint and Amended Complaint.

(Italics added.)   Under the terms of the agreed judgment entry, the Sponaugles did not agree to the sale of their property without a judgment of foreclosure and compliance with the statutory procedures for the sale of foreclosed property.

{¶ 20} Finally, we agree with the Sponaugles that the trial court lacked the authority to confirm the sale of their property in the absence of a final appealable order and that its decision to do so was an abuse of discretion.

{¶ 21} "A foreclosure action is a two-step process, the first part of which ends with the judgment and decree of foreclosure, which is a final appealable order. * * * The second part of the process involves the sale of the property, culminating in a confirmation of sale and dispersal of the proceeds."   *Fifth Third Bank v. Dayton Lodge Ltd. Liab. Co.*, 2d Dist. Montgomery No. 24843, 2012-Ohio-3387, ¶ 18, citing *Mid-State Trust IX v. Davis*, 2d Dist. Champaign No. 07-CA-31, 2008-Ohio-1985, ¶ 23-25. *See Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565, ¶ 6.

{¶ 22} A suit for foreclosure of the mortgage "constitutes a proceeding for the legal determination of the existence of a mortgage lien, the ascertainment of its extent, and the subjection to sale of the property pledged for its satisfaction, and no more."   *Wells Fargo Bank, N.A. v. Young*, 2d Dist. Darke No. 2009 CA 12, 2011-Ohio-122, ¶ 28, quoting *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540, 76 N.E.2d 389 (1947).   The final

judgment in a foreclosure proceeding "will determine the rights of all the parties in the premises sought to be foreclosed upon." *Marion Production Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 270, 533 N.E.2d 325 (1988). And, upon the entry of a judgment of foreclosure, the trial court must order the property to be sold. *See* R.C. 2323.07.

{¶ 23} R.C. Chapter 2329 governs execution against property. "The primary purpose and goal of a foreclosure sale is to protect the interests of the mortgagor-debtor while, at the same time, ensuring that the secured creditors receive payment for unpaid debts." *Young* at ¶ 30, citing *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 56, 563 N.E.2d 1388 (1990) and *Huntington Natl. Bank v. Burch*, 157 Ohio App.3d 71, 2004-Ohio-2046, 809 N.E.2d 55, ¶ 36 (2d Dist.). "The appraisal of the foreclosed property, the sheriff's sale, and the confirmation of that sale have been described as special proceedings to enforce an order of sale and decree of foreclosure." *Nichpor* at ¶ 6, quoting *Triple F Invests. v. Pacific Fin. Serv., Inc.*, 11th Dist. Portage No. 2000-P-0090, 2001 WL 589343, *3 (June 2, 2001). Prior to confirming the sale of the property, the trial court must determine that the sale of property was made, in all respects, in conformity with R.C. 2329.01 to R.C. 2329.61. R.C. 2329.31; *Burch* at ¶ 15; *see CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 40 ("The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law.").

{¶ 24} Generally, a trial court's decision to confirm or refuse a judicial sale will not be reversed by a reviewing court absent an abuse of discretion. *Sutton Funding LLC. v. Herres*, 2d Dist. Montgomery No. 26530, 2015-Ohio-3609, ¶ 17. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore*

*v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).   However, "[n]o court -- not a trial court, not an appellate court, nor even a supreme court – has the authority, within its discretion, to commit an error of law."   *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 70.

{¶ 25} The Ohio Supreme Court has held that, until all of the claims and counterclaims in a foreclosure action have been resolved, a trial court errs in allowing the foreclosure and subsequent sale of the mortgaged premises.   *Marion Production Credit Assn.*, 40 Ohio St.3d at 270.   In *Marion Production Credit Assn.*, the trial court permitted the foreclosure of the mortgage and sale of the property, despite the fact that a counterclaim remained pending.   As a result, no final appealable order had been entered.   The Supreme Court stated that "the execution of all *judgments* determined upon a single claim should be stayed pending a final determination of the entire action as to all parties."   (Emphasis in original).   *Id.*

{¶ 26} We have likewise held that a trial court cannot execute on a judgment that is not final and appealable.   *See State ex rel. Electrolert, Inc. v. Lindeman*, 99 Ohio App.3d 154, 650 N.E.2d 137 (2d Dist. 1994).   In an original action for a writ of prohibition and/or mandamus, we held that the trial judge's orders in aid of execution of an interlocutory cognovit judgment were unlawful where no final judgment had been rendered on all of an intervening party's claims.   We noted that, absent an express determination pursuant to Civ.R. 54(B), a judgment adjudicating fewer than all of the claims or parties does not terminate the action with respect to any party or claim, and that judgment is subject to revision throughout the remainder of the proceedings.   *Id.* at 157.   In granting a writ of prohibition, we reasoned that "[o]ne cannot execute on a claim absent

a final judgment as to that claim." *Id*. at 157-158.[2]

{¶ 27} More recently, in *Aselage v. Lithoprint, Ltd.*, 2d Dist. Montgomery No. 23527, 2009-Ohio-7036, we held that a municipal court could not execute on a summary judgment granted by the common pleas court. We stated that, because counterclaims remained in the common pleas court action and the common pleas court did not certify the judgment pursuant to Civ.R. 54(B), the common pleas court judgment was a "non-final, interlocutory order not capable of execution." *Aselage* at ¶ 28-29, citing *Nwabara v. Willacy*, 8th Dist. Cuyahoga No. 71122, 1997 WL 186842 (Apr. 17, 1997) ("It is axiomatic that a non-final, interlocutory order is not capable of execution.").

{¶ 28} Other appellate districts have held similarly. *See, e.g., Franklin Mgt. Industries, Inc. v. Motorcars Infiniti, Inc.*, 8th Dist. Cuyahoga No. 93630, 2010-Ohio-1871, ¶ 14 ("In Ohio, it is well settled that an interlocutory order is one that is not final, and thus, not capable of execution."); *Wheeler v. Ohio State Univ. Med. Ctr.*, 4th Dist. Scioto No. 03CA2922, 2004-Ohio-2769 ("OSU is correct in noting that non-final, interlocutory orders are not capable of execution."); *Profancik v. Short's Athletic Club, Inc.*, 9th Dist. Wayne No. 2744-M, 1998 WL 887226 (Dec. 16, 1998) (trial court's entry of default judgment, which did not dispose of all claims against defendant and did not include Civ.R. 54(B)

---

[2] In *State ex rel. Hawes-Saunders Broadcast Props., Inc. v. Hall*, 2d Dist. Montgomery No. 19552, Decision and Entry (Oct. 9, 2002), we overruled *State ex rel. Electrolert, Inc. v. Lindeman* to the extent that *Electrolert* held that a trial judge lacks jurisdiction to issue an order in aid of execution of a non-final judgment. *Hawes-Saunders Broadcast Props.* affected only whether the issuance of an order in aid of execution of an interlocutory judgment warranted an extraordinary writ, not whether the order in aid of a non-final judgment was error, which is the issue before us here. We stated, "Although it may be error for a trial court to execute on a non-final order, in neither *Roach* [*v. Roach*, 164 Ohio St. 587, 132 N.E.2d 742 (1956)] nor *Marion* did the Ohio Supreme Court hold that a trial court lacks jurisdiction to do so. Not all error is jurisdictional * * *."

certification, was not a final appealable order and, thus, was not capable of execution through garnishment).

{¶ 29} The Sponaugles further claim that R.C. 2329.09 specifically requires a final appealable order in order for the trial court to order the sale of foreclosed property. R.C. 2329.09 provides, in part: "The writ of execution against the property of a *judgment debtor* issuing from a court of record shall command the officer to whom it is directed to levy on the goods and chattels of the debtor." (Emphasis added.)

{¶ 30} We agree that the Sponaugles cannot be judgment debtors absent a final judgment. In *Roach*, the Ohio Supreme Court stated, "In order to have a judgment lien, there must be a final judgment for the payment of a definite and certain amount of money which may be collected by execution on property of the judgment debtor." *Roach v. Roach*, 164 Ohio St. 587, 592, 132 N.E.2d 742 (1956).

{¶ 31} Based on the foregoing authority, we conclude that the trial court erred when, in the absence of a final appealable decree of foreclosure, it denied the Sponaugles' motion to vacate the February 26 sale and confirmed the sale of the Sponaugles' property. In light of this determination, we need not reach the Sponaugles' constitutional claims, and we decline to address them.

{¶ 32} The Sponaugles' assignment of error is sustained.

### III. Conclusion

{¶ 33} The trial court's judgment confirming the sale will be reversed, and the matter will be remanded for further proceedings. On remand, the trial court is instructed to vacate the confirmation of sale and order the deed to be returned to the Sponaugles. *See Fannie Mae v. Hicks*, 2016-Ohio-8484, __ N.E.3d __ (8th Dist.) (protections of R.C.

2325.03 and R.C. 2329.45 do not apply to party-purchasers in a foreclosure sheriff's sale). Upon the entry of a final appealable judgment and decree of foreclosure, the trial court may again order the sale of the property.

. . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, P.J., dissenting:

{¶ 34} I respectfully dissent. As set forth more fully below, I believe our prior decision regarding the non-finality of the trial court's January 12, 2016 foreclosure decree was erroneous. But even if the law of the case compels adherence to that decision, the foreclosure decree was not void and the trial court had jurisdiction to proceed with a sheriff's sale and subsequent confirmation. Moreover, once a confirmation entry was filed, any interlocutory orders preceding it (including the purportedly non-final foreclosure decree) became final and subject to appeal. Even if the trial court erred in allowing a sheriff's sale to proceed in the face of what we erroneously held to be a non-final order, the Appellants have failed to demonstrate in this appeal how they were prejudiced by the trial court's action. In addition, by failing to raise as error in this appeal the trial court's award of summary judgment to the bank or its dismissal of their counterclaims, the Appellants have waived those potentially prejudicial issues. Therefore, I would affirm the trial court's confirmation of sale.

{¶ 35} In reaching the foregoing conclusions, I note that when the trial court issued its "Judgment Entry – Decree of Foreclosure" on January 12, 2016, including a monetary judgment for three loans in favor of Farmers against the Sponaugles in the aggregate amount of $249,828.18, plus various interest rates, it also determined that Farmers'

mortgages were (after real estate taxes) the first, second and third best liens on the real estate. The Sponaugles appealed, but we dismissed the appeal. In the interim, the property, which appraised at $128,000 (Doc. #120), was sold at a sheriff's sale on February 26, 2016, with Plaintiff as the purchaser, for $85,334.

**{¶ 36}** In the referenced attempted appeal, we issued a March 10, 2016 show-cause order directing the Appellants to demonstrate whether the trial court's January 12, 2016 decree was a final, appealable order. We expressed concern that it may not have resolved all issues involved in the foreclosure, including the priority and value of all outstanding liens. Our March 10, 2016 show-cause order, although distributed to all parties, only directed the Appellants to respond within 14 days why the case should not be dismissed. Our order did not invite or schedule responses from any other party, a procedure we should change. In their March 16, 2016 response, the Appellants, likely recognizing a favorable potential consequence of the lack of an appealable order in regard to their already-sold property, readily agreed that the January 12, 2016 entry was not a final, appealable order. On April 18, 2016, we dismissed the first appeal for lack of a final, appealable order because the trial court's ruling "did not determine the amounts due on all liens, namely, the liens held by American Budget Company and the Darke County Treasurer." Now, being fully aware of the prior judgment entries, the nature of the stated liens, and the circumstances of the case, I conclude that we (this writer included) were wrong.

**{¶ 37}** The rub in this case is that the January 12, 2016 decree determined the priority of liens with the real-estate-tax lien of the Darke County Treasurer being first, Farmers' mortgages (the amounts being specified) being second, third and fourth, and

American Budget Company (by virtue of its "Certificate of Judgment, recorded on November 14, 2012 at 12CJ00704 in the office of the clerk of courts of Darke County, Ohio") being last in line. But the amounts for the Darke County Treasurer and the American Budget lien were not included in the trial court's decree.

{¶ 38} In support of the proposition that a foreclosure decree is not a final, appealable order "unless it resolves *all* of the issues involved in the foreclosure, including * * * the priority of any such liens; and the amounts that are due the various claimants," we repeatedly have cited *Second Nat. Bank of Warren v. Walling*, 7th Dist. Mahoning No. 01-CA-62, 2002-Ohio-3852, ¶ 18. In *Walling*, the Seventh District held that a foreclosure judgment entry that did not address "the number, priority and value of the other outstanding liens" (in particular the Ohio Department of Taxation, the Mahoning County Treasurer and the United States of America, all of whom had tax liens, were parties, and had filed answers *and cross-claims* to the complaint) was not a final appealable order because each of the cross-claiming parties "requested the marshalling and determination of the status and priority of all outstanding liens." *Id.* at ¶ 19.

{¶ 39} Here, however, American Budget filed an answer (Doc. # 83), not a cross-claim, and its prayer for relief asked only that its lien be recognized and its priority determined. (*Id.* at 4-5). I cannot find any reference, anywhere in our record, that the existence or amount of the American Budget lien ever was in actual dispute. In this situation, *Walling* does not directly apply. In addition, I believe we have been imprecise by citing *Walling* after it effectively was overruled, in part, by the Ohio Supreme Court in *CitiMortgage, Inc. v. Roznowski,* 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140.

{¶ 40} The decree in *Roznowski* included an award for unspecified sums advanced

by the plaintiff for costs of evidence of title, payment of taxes, insurance, inspections, appraisal, preservation and maintenance of the property. The Supreme Court stated:

> [F]or a judgment decree in foreclosure to constitute a final order, it must address the rights of all lienholders and the responsibilities of the mortgagor. As detailed by the Seventh District, the judgment entries in *Walling* and *PHH* [*Mtge. Corp. v. Albus* , 7th Dist. Monroe No. 09 MO 9, 2011-Ohio-3370] were not final orders, because they failed to address the rights of various lienholders involved in those cases. In *LaSalle* [*Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040] and in the present case, however, the judgment entries set forth the rights of all lienholders. Although the trial courts in *LaSalle* and the present case did not specify the actual amounts due, they did state what the mortgagors would be liable for. Each party's rights and responsibilities were fully set forth—all that remained was for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings.

*Roznowski*, at ¶ 20.

{¶ 41} Furthermore, the *LaSalle* foreclosure entry included, inter alia, "taxes, assessments, and penalties on the property levied by the county treasurer" but did not specify the amounts because they were not ascertainable until the time of the sale. The conclusion that the *LaSalle* order of foreclosure, even absent lien amounts, was a final order was tacitly approved by *Roznowski*, contrary to the overly-broad language of *Walling,* and we no longer should cite *Walling* for the proposition that the precise value of

a lien must be stated in every instance.

{¶ 42} Turning to the trial court's January 12, 2016 entry in this case, it specified the applicable liens and determined their priority. That entry should have been declared final and appealable under *Roznowski* and *LaSalle,* despite the fact that it did not specify the amount of real-estate taxes due to the treasurer, when that amount most likely would, and in fact did, change by the passage of time before the sale and/or confirmation. (*See* Trial Court's Decision on Motions to Confirm or Vacate Sale, Doc. # 137 at 2) (noting that "the tax amount in the Entry of Confirmation was different than one which might have been included in the Decree of Foreclosure since another half year taxes had accrued awaiting sale").

{¶ 43} Likewise, the January 12, 2016 foreclosure decree should have been held to be final with respect to the American Budget lien. The entry described the last lien in priority as follows: "AMERICAN BUDGET COMPANY, has a valid and subsisting lien pursuant to its Certificate of Judgment, recorded on November 14, 2012, at 12CJ00704, in the office of the Clerk of Courts of Darke County, Ohio." (Doc #117).   A lien reflected in a certificate of judgment is not just a non-descript allegation of an interest in real property. Under R.C. 2329.02, a "certificate of judgment" is the filing "in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, *the amount of the judgment and costs, the rate of interest,* if the judgment provides for interest, *and the date from which such interest accrues,* the date of rendition of the judgment, and the volume and page of the journal entry thereof." (Emphasis added). The amount of the lien is of record in the

same clerk of court's office where the complaint is administered.

{¶ 44} At oral argument in this case, even the Sponaugles' counsel, well-experienced in foreclosure defense, indicated that he wished plaintiff's counsel would not just place the amount of the certificate of judgment in a foreclosure decree because of unspecified problems it might cause. It is possible that a judgment amount may have been satisfied by separate collection actions or by separate land transactions in the same county, against which the certificate of judgment is also a lien. And even if subsequent payments do not alter the amount due, the final amount still needs to be calculated after sale and before confirmation because of ongoing interest and perhaps penalties.  The point is that, with a certificate of judgment where there is no actual dispute over existence or amount, the task of final computation of the amount due is at least as ministerial as the calculation of real estate taxes due at the time of sale. Accordingly, upon the initial appeal, we should have held that the foreclosure decree was a final, appealable order and should not have dismissed that appeal. We were wrong.

{¶ 45} Unfortunately for the Appellants, we compounded our error when they filed an original action in prohibition and procedendo to prevent the trial court from confirming the sale of the property. There, we denied each writ and noted that an appeal from the order-of-confirmation entry was pending, which provided an adequate remedy at law. We said: "Sponaugle can make his argument challenging the trial court's authority to allow execution of the non-final Foreclosure Decree on appeal and, if correct, can timely obtain the result he seeks here: an order vacating the Confirmation Order." *State ex rel. Sponaugle v. Hein*, 2d Dist. Darke No. 16 CA 00007, 2017-Ohio-1210, ¶47. That statement is only partially accurate. The Appellants do not seek only an order vacating

the confirmation of sale. More fundamentally, they apparently seek to appeal the various issues underlying the foreclosure decree itself, including, presumably, the right to appeal the trial court's granting summary judgment to the plaintiff (Doc. # 111) and the dismissal of their amended counterclaims. (Doc. # 105). Our quoted statement in the original action though suggested that all the Sponaugles needed to do was appeal from the confirmation of sale on the sole basis that the foreclosure decree was not final, and then the confirmation could be vacated and the status quo restored. Our statement that the Sponaugles had an adequate remedy also did not recognize that intervening events could render the decree final, or that a confirmation entry itself would render the foreclosure decree final, and then all aspects of the case would be appealable. Both occurred in this case.

{¶ 46} As reflected in the April 21, 2016 Order Confirming Sheriff's Sale, etc., the trial court determined that "AMERICAN BUDGET COMPANY, released its Certificate of Judgment Lien on or about February 16, 2016, and that, therefore, no further action is required with reference to the cancellation or release of said Lien with reference to the described property." (Doc. #138 at 4). Even assuming an infirmity with respect to the American Budget lien value kept the January 12, 2016 foreclosure judgment from being final, the lien release would have made the foreclosure judgment final effective on the lien-release date (much like a Civ.R. 41(A) dismissal of remaining parties renders final a previously-entered interlocutory judgment against existing parties). *See, e.g., Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999). But the Appellants did not appeal at that time.

{¶ 47} Moreover, the confirmation entry—which we undoubtedly accept as final

and appealable here because we are considering it—renders final and appealable anything previously interlocutory that occurred before it. Thus, the Appellants could have challenged the award of summary judgment to the bank or the dismissal of their counterclaims in this appeal, but they did not. Their only assignment of error relates to whether the property could be sold without a final, appealable order. At this juncture, the amount of any lien of American Budget, even if it had not been released, is wholly irrelevant. As previously indicated, Farmers' judgment was $249,828.18, plus various interest rates. The house, which appraised for $128,000, was sold to the plaintiff at the February 26, 2016 sheriff's sale for $85,334. The April 21, 2016 confirmation entry indicates that after court costs, Darke County real-estate taxes, and miscellaneous processing expenses to the Darke County Auditor, Recorder and Sheriff, all of the funds remaining ($73,902.38) were to be paid to Farmers State Bank and that there was a deficiency owed to Farmers. I admit we ordinarily should not calculate whether secondary liens are of consequence, but in this case the amount of American Budget's previous lien is not even of academic interest.

{¶ 48} In my opinion, the only question remaining is whether, or how, the Appellants have been harmed. Once the confirmation entry was filed, any interlocutory orders preceding it became final and subject to appeal. Thus, the Appellants could have appealed the grant of summary judgment to Farmers in this second appeal. They did not. They could have assigned as error that their counterclaims improperly were dismissed. They did not. Their notice of appeal did include an appeal from the trial court's "Decision-Plaintiff's Motion to Confirm Sale and Defendants' Motion to Vacate Sale" filed April 21, 2016 (Doc. # 137), which included the following: "The Court finds that default and

summary judgment was properly granted against various parties previously described. Specifically, the Court finds that summary judgment is properly granted against American Budget Company since it filed an answer to the complaint, no counter-claim and no pleadings in response to the motion for summary judgment." (Id. at 2).[3] The Appellants could have assigned error to this conclusion, but they did not. The Appellants also do not complain about the amount of the sale or the distribution of proceeds. They do not complain that no proceeds are due to American Budget, the purported infirmity in the foreclosure decree. The only error the Appellants have assigned is that the decree ordering the sale was not a final, appealable order, a determination we did not make until after the sale had been completed.

{¶ 49} Notably, our previous determination that the January 12, 2016 foreclosure decree was not appealable did not render the order of sale or subsequent proceedings void, only voidable. The trial court still had jurisdiction to proceed with the sale even if the lack of an appealable decree meant that execution on the decree was erroneous. The Appellants' argument is that they were deprived of their home and forcibly removed from their residence without an appealable judgment against them. (Appellants' Brief at 11). They further argue that this constitutes a denial of due process because they were denied the right to appeal from the trial court's decision. (*Id* at 12). But any prior interlocutory order by the trial court is now subject to appeal. As set forth above, once the confirmation entry was filed, any interlocutory orders preceding it became final. By failing to raise in this appeal the trial court's award of summary judgment to the bank or its dismissal of

---

[3] The motion for summary judgment (Doc. 106), among other things, did move for summary judgment against American Budget.

their counterclaims as error, the Appellants have waived those issues. Thus, even if the trial court erred in allowing the sheriff's sale to proceed in the face of what we erroneously held to be a non-final order, the Appellants have failed to demonstrate how they were prejudiced. They have not shown how the ultimate result below would have been different but for the error they allege.[4] Therefore, I dissent and would affirm the trial court's confirmation of sale.

Copies mailed to:

Scott D. Rudnick
Andrew M. Engel
Keith Schnelle
Matthew Wuebker
Chase Bank
Eric Dauber
Margaret Hayes
GT Daubenspeck, D.C., Inc.
Midland Funding
Midstates Resources Group
Ohio Department of Taxation
Hon. Jonathan P. Hein

---

[4] On this record, whether the claims of the treasurer or American Budget adequately were disposed of in the foreclosure decree is of no consequence.